UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KWESI BEST; D.W.; HASANI BEST,

                          Plaintiffs,

-against-

ASBURY POLICE SERGEANT SEAN DESHADER; ASBURY POLICE OFFICER JOHN DOE 1; POLICE OFFICER JOHN DOE 2; MONMOUTH COUNTY SHERIFF JOHN DOE 3; DEPUTY JOHN DOE 4,

                          Defendants.

1:20-CV-8927 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Kwesi Best, who appears *pro se*, is presently incarcerated in the Franklin Correctional Facility.[1] He asserts claims under 42 U.S.C. § 1983 on behalf of his deceased brother, Hasani Best, and Hasani Best's minor child, D.W.[2] For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Because Plaintiff Kwesi Best is the only listed plaintiff to have signed the complaint, the Court refers to him as the only plaintiff in this action.

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, when a litigant's submission refers to the name of a minor child, it must do so by mentioning only the minor child's initials. Plaintiff's complaint, however, mentions the full name of Hasani Best's minor child in its caption and text. The Court has therefore instructed the Clerk of Court to alter the caption of the docket of this action so that child's name is listed using the child's initials. In addition, in an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to the complaint to a "case participant-only" basis.

Under § 1391(c), a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

Plaintiff asserts that the alleged event that is the basis for the claims raised in the complaint – Hasani Best's death caused by New Jersey police officers – occurred in Asbury Park, New Jersey. Because Plaintiff does not allege that any of the defendants – who are all identified as New Jersey police officers – resides in this judicial district, or that a substantial part of the events or omissions giving rise to the claims arose in this judicial district, venue is not proper in this Court under § 1391(b). The claims asserted in the complaint arose in Asbury Park, New Jersey, which is within the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the United States District Court for the District of New Jersey, *see* § 1391(b)(2), and the Court therefore transfers this action to that court, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff Kwesi Best and note service on the docket. The Court also directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether any of the listed plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge